UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

JS-6

| | |
|---|---|
| Case No. 2:23-cv-01872-MCS-JPR | Date May 15, 2023 |
| Title *Christina Arnao v. Mercedes-Benz USA, LLC* | |

Present: The Honorable Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER RE: DEFENDANT'S OSC RESPONSE AND PLAINTIFF'S MOTION TO REMAND (ECF NOS. 12, 14) (JS-6)

Plaintiff Christina Arnao moves to remand this action to the Los Angeles County Superior Court. (MTR, ECF No. 14.) Defendant Mercedes-Benz USA, LLC opposes the motion, and Plaintiff filed a reply. (Opp'n, ECF No. 16; Reply, ECF No. 17.) The Court deems the motion appropriate for resolution without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

Also before the Court is Defendant's response to an order to show cause why this case should not be remanded for failing to demonstrate an amount in controversy exceeding $75,000. (OSC, ECF No. 11; OSC Resp., ECF No. 12.)

**I. BACKGROUND**

This is a case brought under the Song-Beverly Consumer Warranty Act ("SBA"). Plaintiff leased a 2021 Mercedes-Benz GLA250W4 ("Vehicle") on July 30, 2021. As part of the lease terms, Plaintiff agreed to a bumper-to-bumper warranty for up to four years or 50,000 miles. However, the Vehicle suffered from "serious defects and nonconformities to warranty . . . including, but not limited to, electrical, engine, and emission system defects." Defendant was unable to timely rectify the

defects and refused to replace the vehicle or provide restitution. The Complaint seeks rescission and restitution, damages, a civil penalty, attorney's fees and costs of suit, interest, and other relief. Plaintiff's civil case cover sheet indicates her demand exceeds $25,000. (*See generally* Notice of Removal Ex. A, ECF No. 1-1.)

Plaintiff initiated this proceeding in the Los Angeles County Superior Court, No. 23LBCV00221. Asserting diversity jurisdiction, Defendant removed the case to this Court. (Notice of Removal, ECF No. 1.)

## II.     LEGAL STANDARDS

### A.     Subject-Matter Jurisdiction

Federal courts are of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove a civil action in state court to federal court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000. *Id.* §§ 1331, 1332(a).

There is a "strong presumption" against removal jurisdiction, and the removing party bears the burden of proving that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*

### B.     Amount in Controversy

To invoke diversity jurisdiction, a party must demonstrate that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). "[W]here it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled," the removing defendant must establish by a preponderance of the evidence that the amount in controversy "more likely than not" exceeds $75,000. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

## III. DISCUSSION

### A. Motion to Remand

The sole basis Plaintiff raises in support of her motion to remand is Defendant's allegedly untimely removal. (MTR 6.) While Plaintiff initially contended that she served Defendant on February 6, 2023, she did not otherwise contest Defendant's counter that service was effectuated on February 9, 2023. (Opp'n 5; Reply 3–4.) The Court agrees that Defendant was served the summons and complaint on February 9 and not February 6. (Notice of Removal Ex. A, at 2 (indicating a service date of February 9, 2023).)[1] Thus, under the 30-day removal deadline, 28 U.S.C. § 1446(b), Defendant had until March 11, 2023 to remove this action to federal court. But because March 11, 2023 fell on a Saturday, Defendant was entitled to file its removal papers on the following Monday, March 13. Fed. R. Civ. P. 6(a)(1)(C). Defendant removed this action on March 13, 2023, (Notice of Removal 1), which is timely under § 1446(b) and Rule 6(a)(1)(C).

Accordingly, the Court denies Plaintiff relief on the basis raised in her motion.

### B. OSC Response

Notwithstanding the denial of Plaintiff's motion to remand, as the proponent of federal jurisdiction, Defendant still bears the burden to show the amount-in-controversy requirement is satisfied. The amount in controversy is not clear from the face of the Complaint. Plaintiff's civil case cover sheet filed in state court indicates that the amount demanded exceeds $25,000, but nothing in the Complaint indicates whether the total amount Plaintiff seeks exceeds $75,000. *Cf. Schneider v. Ford Motor Co.*, 441 F. Supp. 3d 909, 913 (N.D. Cal. 2020) ("[T]he Complaint alleges that Plaintiff suffered damages in a sum to be proven at trial in an amount that is *not less than* $25,001.00. Hence, while Plaintiff seeks restitution for the value of the car, civil penalties, and attorneys' fees and costs, it is unclear whether all these damages are subsumed within the request for $25,001." (internal quotation marks and citation omitted)). Thus, Defendant must show that the amount in controversy more likely than not exceeds $75,000.

---

[1] Pinpoint citations of Exhibit A of the Notice of Removal refer to the page numbers generated in the CM/ECF header.

1.  Actual Damages

Actual damages under the SBA are "equal to the actual price paid or payable by the buyer," minus the reduction in value "directly attributable to use by the buyer." Cal. Civ. Code § 1793.2(d)(2)(B)–(C). The reduction is based on miles driven before the first attempted repair of the defect. *Id.* "When a defendant seeks to remove a case brought under the Song-Beverly Act, district courts in this circuit consider the amount a plaintiff has actually paid on her lease, rather than the total value of the lease, to determine whether the amount in controversy has been met." *Cuevas v. Ford Motor Co.*, No. CV 22-1520-DMG (MAAx), 2022 U.S. Dist. LEXIS 85607, at *5 (C.D. Cal. May 11, 2022) (citing *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1008 (N.D. Cal. 2002)). "Thus, a lease situation differs from a purchase inasmuch as the actual amount paid on the lease and the mileage offset could vary widely depending on the terms of the lease, the time elapsed on the lease, and how much Plaintiff drove the car." *Id.*

Defendant submits that the Complaint puts at issue the "agreed upon value of the vehicle [of] $38,100.00." (OSC Resp. 4.) But the value of the Vehicle provides little information about the true measure of damages Plaintiff's claims place in controversy. While Defendant additionally proffers that Plaintiff was obligated to pay $26,789.18 under the life of the lease, (*id.*; Gallagher Decl. Ex. B, at 3, ECF No. 12-3), Defendant offers virtually no information about the miles Plaintiff drove on the Vehicle, the amount she paid on the lease, the time elapsed on the lease, or any other information probative of the measure of damages. Even if Plaintiff's lease contained an option to purchase the vehicle for $19,412.05 at the end of the four-year term, (*id.*), Defendant fails to explain why Plaintiff would suffer $19,412.05 in damages for losing the opportunity to *spend* that sum to buy out her vehicle. Accordingly, Defendant has not shown the measure of damages at stake.

2.  Civil Penalties

Plaintiff may be entitled to a civil penalty no greater than twice the amount of actual damages only if Defendant's violations were willful. Cal. Civ. Code § 1794(c). However, in the jurisdictional analysis, "[t]he civil penalty . . . cannot simply be assumed"; instead, "the defendant must make some effort to justify the assumption." *D'Amico v. Ford Motor Co.*, No. CV 20-2985-CJC (JCx), 2020 U.S. Dist. LEXIS 90921, at *8 (C.D. Cal. May 21, 2020) (internal quotation marks omitted) (collecting cases). Courts do not include civil penalties in the jurisdictional analysis "unless the removing defendant makes some showing regarding the

possibility of civil damages." *Savall v. FCA US LLC*, No. 21cv195 JM (KSC), 2021 U.S. Dist. LEXIS 81477, at *7–8 (S.D. Cal. Apr. 28, 2021) (collecting cases).

Defendant asserts that the Court should consider the maximum civil penalty when evaluating the amount in controversy because Plaintiff pleads entitlement to the penalty. (Notice of Removal ¶¶ 17, 19; OSC Resp. 3–4.) Acknowledging a split in authority, the Court respectfully declines to assume the maximum penalty is at issue without some indicia of willfulness that would entitle Plaintiff to a penalty. *See Savall*, 2021 U.S. Dist. LEXIS 81477, at *6–9 (collecting cases on either side of the split, and reasoning that if "boilerplate allegations [concerning willfulness] were sufficient to defeat remand, then virtually any [SBA] action involving a new vehicle purchase would remain in federal court"). Defendant presents no evidence that a civil penalty is likely to be awarded in this case, let alone evidence justifying the maximum penalty. *See, e.g., id.* at *8 ("Other than referring to Plaintiff's allegation that FCA acted willfully, however, FCA provides no support for the likelihood that a civil penalty based on its willfulness would actually be awarded in this case, or that the full civil penalty would be awarded."); *Chajon v. Ford Motor Co.*, No. 2:18-cv-10533-RGK (RAOx), 2019 U.S. Dist. LEXIS 4254, at *3–4 (C.D. Cal. Jan. 8, 2019) ("As to civil penalties, while authorized under the Song-Beverly Act, Defendant has not offered any evidence to support such an award."). Defendant has not established that the requested civil penalty is more likely than not in controversy.

Even if Defendant could support its argument for a civil penalty with evidence, because Defendant fails to establish actual damages beyond speculation, it fails to show the proper measure of the civil penalty. *See Edwards v. Ford Motor Co.*, No. CV 16-05852 BRO (PLAx), 2016 U.S. Dist. LEXIS 153618, at *14 (C.D. Cal. Nov. 4, 2016) ("Defendant failed to establish the amount of actual damages at issue, which is necessary to determine the total civil penalty."); *cf. D'Amico*, 2020 U.S. Dist. LEXIS 90921, at *9 ("[T]here is no basis for concluding that the amount payable under the lease even roughly approximates Plaintiff's actual damages. There is equally little basis for concluding that a civil penalty of double that amount would be awarded.").

    3.    <u>Fees</u>

"Section 1332(a)'s amount-in-controversy requirement excludes only 'interest and costs' and therefore includes attorneys' fees." *Guglielmino*, 506 F.3d at 700; *see also Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir.

2018) ("[A] court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met.").

Defendant correctly notes that attorneys' fees are included in the amount-in-controversy requirement but provides no measure of what those fees might be in this case. (Notice of Removal ¶ 12; OSC Resp. 4–5.) Without any indication of counsel's reasonable per-hour rate or the expected number of hours that will be expended litigating this case, Defendant cannot establish that "attorneys' fees *in this case* are 'more likely than not'" to bring the amount in controversy above the jurisdictional threshold. *Schneider*, 441 F. Supp. 3d at 914; *see also D'Amico*, 2020 U.S. Dist. LEXIS 90921, at *11 (finding burden unmet where defendant failed to "provide an estimate of the hours that will be incurred").

4. Summary

The amount in controversy is not clear from the face of the Complaint. Defendant fails to present evidence establishing that the amount in controversy more likely than not exceeds $75,000. Accordingly, Defendant has not shown the Court has subject-matter jurisdiction over the case. Remand is appropriate. 28 U.S.C. § 1447(c).

## IV. CONCLUSION

Accordingly, Plaintiff's motion is denied. However, the Court remands the case to the Los Angeles County Superior Court, No. 23LBCV00221, based on Defendant's insufficient showing on the Court's order to show cause. The Court directs the Clerk to effect the remand immediately and close the case.

**IT IS SO ORDERED.**